```
 1
 2
 3
 4
 5
 6
 7                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
 8                                    AT SEATTLE
 9
10     UNITED STATES OF AMERICA,              CASE NO. CR16-0289JLR
11                         Plaintiff,         ORDER
              v.
12
       KRISTOPHER NEIL,
13
                           Defendant.
14
```

15   Before the court is Defendant Kistopher Neil's[1] motion for early termination of

16 supervised release. (Mot. (Dkt. # 53); Supp. (Dkt. # 56).) Plaintiff the United States of

17 America (the "Government") opposes the motion. (Resp. (Dkt. # 55); *see also id.* at 2

18 (stating that U.S. Probation Officer Ashton Bosley likewise opposes early termination of

19 Mr. Neil's supervised release).) The court has considered the parties' submissions, the

---

[1] The correct spelling of Mr. Neil's first name is Kistopher, rather than "Kristopher" as set forth in the case caption. (*See* Mot. at 1 n.1.)

ORDER - 1

relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES Mr. Neil's motion for early termination of supervised release.

On February 28, 2017, Mr. Neil pleaded guilty to one count of Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2).  (Mot. at 2; Resp. at 3.)  The offense conduct comprised Mr. Neil's possession of 251 image files and 140 video files of child pornography, which law enforcement located in a search of Mr. Neil's computer.  (PSR (Dkt. # 34 (sealed)) ¶¶ 8-9.)  On July 11, 2017, the court sentenced Mr. Neil to time served followed by 15 years of supervised release—a significant downward departure from the guideline range of 78 to 97 months in custody.  (7/11/17 (Dkt. # 42); Resp. at 4.)  Mr. Neil's term of supervised release began on the day of sentencing and is set to expire on July 10, 2032.  (Mot. at 2.)  In 2020, the U.S. Probation Office filed two separate noncompliance summaries reporting that Mr. Neil had violated the terms of supervision by viewing pornography on several occasions, resulting in verbal reprimands.  (3/20/20 Rep. (Dkt. # 49) at 1; 12/14/20 Rep. (Dkt. # 50) at 1.)  In addition, Mr. Neil has prior juvenile state court convictions for Attempted Child Rape and Communication with a Minor for Immoral Purposes, for which he was sentenced in 2007.  (Mot. at 3; Resp. at 2.)

Mr. Neil argues that termination of supervised release is warranted because he "has demonstrated rehabilitation and has little risk of re-offending."  (Mot. at 5.)  Specifically, Mr. Neil has "has devoted years to therapeutic treatment," with his most recent program of intensive therapy beginning in December 2017 and successfully concluding on July 24, 2023.  (*Id.* at 3-5.)  His doctor specifically noted he "has been

motivated in treatment to make changes in his life" and "has developed coping skills and strategies that help him manage his mood and sexual behavior." (*Id.* at 4 (quoting Treatment Rep. (Dkt. # 54 (sealed)) at 6).)  Mr. Neil also "has stable employment, is in a long term committed relationship and has the support of his family." (*Id.* at 5.  *See generally* Supp.)  The Government describes Mr. Neil's progress as "commendable" but opposes his motion because "early termination is not commensurate with the seriousness of the offense conduct, and the relatively limited period of time for which the defendant has been supervised in the community." (Resp. at 3.)  The Government notes that Mr. Neil "has two separate convictions for sex offenses" and hit "proverbial bumps in the road in 2020 when he repeatedly accessed sexually exploitive material." (*Id.* at 3-4.) And although Mr. Neil has fully complied with the terms of supervision since late 2020, "the fact that supervision has been successful—far from being a reason to terminate it—is exactly the reason it should be continued." (*Id.* at 4.)

After considering the factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release" if such action is warranted by the defendant's conduct and in the interests of justice.  *See* 18 U.S.C. § 3583(e)(1).  The crime to which Mr. Neil pleaded guilty was very serious, as reflected by the length of his term of supervised release.  The court is pleased to see Mr. Neil's progress toward building a healthy, stable life by successfully completing a long course of intensive therapy, fostering strong relationships, and maintaining steady employment.  Although Mr. Neil's violations of the terms of his supervised release did not include new criminal violations, they were sufficiently recent

ORDER - 3

that the court is reluctant to terminate supervision. If Mr. Neil remains on supervised release, Probation can continue to monitor his conduct and provide the necessary resources and support to ensure he continues on his path to reform. Accordingly, on balance, the court finds that Mr. Neil's conduct, the interests of justice, and the factors laid out in 18 U.S.C. § 3553(a) do not support early termination.

For the foregoing reasons, the court DENIES Mr. Neil's motion for early termination of supervised release (Dkt. # 53).

Dated this 16th day of July, 2024.

JAMES L. ROBART
United States District Judge